IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMEON COLE, #R-13404, *also known as* DIVINE DESIRE COLE, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 14-cv-01313-JPG ) |
| BETH TREDWAY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court for consideration is Dameon Cole's[1] second amended complaint[2] (Doc. 12). The pleading focuses on a single claim against Beth Tredway, an assistant warden at Lawrence Correctional Center ("Lawrence"), for allegedly responding to Plaintiff Cole's requests for mental health treatment with deliberate indifference. This Eighth Amendment claim was severed from an action that was filed by Jarvis Postlewaite and Dameon Cole together on November 17, 2014. *See Postlewaite, et al. v. Godinez, et al.*, Case No. 14-cv-1281-JPG (S.D. Ill. 2014) ("original action"). In the original action and severance order, the claim is referred to as "Count 6" (Doc. 3, p. 9, original action) (Doc. 1, p. 9).

The second amended complaint (Doc. 12) is now ripe for review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to

---

[1] Plaintiff's legal name is Dameon Cole. However, Plaintiff Cole is a transgender inmate, who prefers to be called Divine Desire Cole (Doc. 12, p. 1). Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff Cole.

[2] According to CM/ECF, two amended complaints have been filed in this action to date. The first amended complaint (Doc. 7) was dismissed without prejudice on December 22, 2014, because it exceeded the scope of claims and parties allowed in Document 1. The second amended complaint (Doc. 12) was filed on January 16, 2015, and is now before the Court for review. The Court shall refer to Document 12 as the "second amended complaint" throughout this order.

filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). When reviewing the allegations in light of this standard, the Court finds that the second amended complaint survives preliminary review.

## Second Amended Complaint

According to the second amended complaint (Doc. 12), Plaintiff has received no mental health treatment at Lawrence Correctional Center ("Lawrence") (Doc. 12, p. 5). She suffers from multiple personality disorder, anxiety, depression, mood swings, and episodes of lost time. Plaintiff has repeatedly submitted requests for an appointment with a psychiatrist to Defendant Tredway, the assistant warden in charge of inmate healthcare and mental health. Plaintiff has also pointed out that the prison is required to have an on-site psychiatrist. She spoke directly to Defendant Tredway on December 21, 2014, and reiterated these requests for treatment. Defendant Tredway has ignored each of Plaintiff's requests. Likewise, all of Plaintiff's grievances addressing this issue have been ignored.[3]

In the second amended complaint, Plaintiff raises an Eighth Amendment deliberate indifference to medical needs claim against Defendant Tredway (Doc. 12, p. 5). She seeks declaratory judgment, monetary damages, and injunctive relief, including a preliminary and permanent injunction.

---

[3] Plaintiff claims that she exhausted her available administrative remedies before commencing this action, as the Prison Litigation Reform Act requires her to do. *See* 42 U.S.C. § 1997e(a). However, Plaintiff also indicates in her second amended complaint that she filed "a grievance" to address this matter that is "still pending" (Doc. 12, p. 4). It is unclear, at this early stage, whether Plaintiff did, in fact, fully exhaust her administrative remedies. However, the Court will save this issue for another day and a fuller record.

**Discussion**

The second amended complaint states a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendant Tredway for failing to provide Plaintiff with adequate mental health treatment at Lawrence.  The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit has long held that "[t]he need for a mental illness to be treated could certainly be considered a serious medical need."  *See Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (citing *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999)).  Further, the complaint suggests that Defendant Tredway was aware of Plaintiff's need for treatment, but recklessly disregarded her numerous verbal and written complaints about the absolute lack of care.  A nonmedical administrator is normally justified in deferring to the professional judgment of a prison medical staff, so long as Plaintiff's needs are not being ignored.  *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (citing *Hayes v. Snyder*, 546 F.3d 516, 527-28 (7th Cir. 2008); *Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005); *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  Here, the complaint clearly alleges that Plaintiff's requests for mental health treatment were ignored.  At this early stage, Plaintiff shall be allowed to proceed with **Count 1** against Defendant Tredway.

**Disposition**

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendant **TREDWAY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the second amended complaint (Doc. 12), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that her application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 18, 2015**

*s/J. Phil Gilbert*
**United States District Judge**
