IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMEON COLE, R13404, *also known as* DIVINE DESIRE COLE, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 14-cv-01313-JPG-PMF |
| BETH TREDWAY, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Presently before the Court is the motion for summary judgment filed by defendant Beth Tredway. Plaintiff Dameon Cole[1] is an inmate with the Illinois Department of Corrections ("IDOC") at Lawrence Correctional Center ("Lawrence") and Tredway is an Assistant Warden at that facility. Cole initiated this action by filing a "Petition for Preliminary Injunction Relief and to Show Cause for a Temporary Restraining Order" with original co-plaintiff Jarvis Postlewaite.[2] See *Postlewaite, et al. v. Godinez, et al.*, Case No. 14-cv-1281-JPG (S.D. Ill. 2014). The document is dated November 11, 2014 and it was filed by this District Court on November 17, 2014. On November 25, 2014 Judge Gilbert severed Cole's claims from the original suit, and the claims were further severed into separate lawsuits. (Doc. 1).

Cole now proceeds in this case on her second amended complaint, asserting a single Eighth Amendment deliberate indifference to medical needs claim against a single defendant, Beth Tredway. (Doc. 12). Tredway now seeks summary judgment on the basis that Cole failed to

---

[1] Dameon Cole is a transgender inmate who prefers to be called Divine Desire Cole. As such, Cole will be referred to using feminine pronouns.
[2] The petition is dated November 11, 2014 by Cole and Postlewaite. It was mailed and ultimately filed by the District Court on November 17, 2014.

exhaust prison administrative remedies before filing suit. A *Pavey* evidentiary hearing was held on December 11, 2015 with Cole in attendance via video conference. See *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). It is hereby RECOMMENDED that defendant Tredway's motion for summary judgment be granted.

Cole is currently an inmate at Lawrence and the events that give rise to this litigation occurred at that facility. According to her second amended complaint, Cole suffers from various mental health issues including multiple personality disorder, depression, mood swings, "loss of time" and anxiety. (Doc. 12, p. 5). Cole states that she is not receiving adequate mental health treatment for these problems and has repeatedly requested additional assistance from Tredway. *Id.* The only date specifically mentioned in the second amended complaint is that Cole asked Tredway for additional treatment on December 21, 2014. *Id.*

Tredway filed her answer to Cole's second amended complaint on April 20, 2015 (Doc. 16) and on July 29, 2015 Tredway filed the present motion for summary judgment. (Doc. 21). In the motion Tredway argues that there is no record of Cole properly completing the IDOC administrative remedies process at Lawrence. Attached to the motion is an affidavit from Sherry Benton, Chairperson of the IDOC Administrative Review Board ("ARB"). Benton states in the affidavit that there is no record of Cole properly exhausting administrative remedies for the claim in this case. On January 8, 2015 the ARB did receive a grievance from Cole concerning the claim in this case, but the grievance was not completed at the institutional level. (Doc. 22-2, p. 2). The ARB denied the grievance on January 23, 2015. (Doc. 22-2, p. 1). Additionally, Cole sent a letter addressed to Benton stating that she was experiencing problems with the Lawrence grievance process and that she was not receiving responses from the Lawrence administration. (Doc. 22-2, p. 6).

Cole filed a response in opposition to Tredway's motion for summary judgment on September 1, 2015. (Doc. 25). Cole states in her response that she filed two emergency grievances addressing the claim in this case; one filed on August 23, 2014 and another filed on November 10, 2014. A copy of the November 10, 2014 grievance was attached to Cole's response to Tredway's motion for summary judgment. (Doc. 25, p. 28). Cole stated in her response and at the *Pavey* hearing that she did not receive a response from Lawrence staff to either grievance. Cole later sent the November 10, 2014 grievance to the ARB, but the ARB denied the grievance because it did not have response from Lawrence staff.

A *Pavey* evidentiary hearing was held before the undersigned Judge on December 11, 2015. Cole was in attendance via video conference and the issues presented in the motion for summary judgment were discussed.

The Prison Litigation Reform Act ("PLRA") provides that "No action shall be brought with respect to prison conditions … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. See *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The IDOC implements a three-step administrative remedies process for non-emergency grievances. First, prisoners must attempt to resolve the issue with their counselor. 20 Ill.Admin.Code § 504.810. If the prisoner is dissatisfied with the counselor's response, the prisoner may proceed to step two of the grievance process by filing a written grievance with the institution's grievance officer. 20 Ill.Admin.Code § 504.830. If the prisoner is dissatisfied with institution's response, the prisoner may appeal the grievance to the IDOC ARB. The grievance process is completed when the ARB issues a response. 20 Ill.Admin.Code § 504.850.

The IDOC administrative remedies process is slightly different for emergency grievances. "An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer [Warden]." 20 Ill.Admin.Code § 504.840. The warden may then either treat the grievance as an emergency or decline to treat it as such and return the grievance to the prisoner. *Id*. If the warden declines to treat the grievance as an emergency the prisoner may appeal the warden's denial directly to the ARB. *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). This appeal will complete the exhaustion process. *Id*., see also *Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) ("In *Thornton* … we explained that an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels, even if the warden concluded that expedited review was unnecessary").

Although prisoners must strictly comply with the applicable grievance procedures, the Prison Litigation Reform Act only requires inmates to exhaust *available* administrative remedies. 42 U.S.C. § 1997e. If correctional officers or the prison administration obstruct the grievance process, the grievance process will be deemed to be unavailable. See *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006). For instance, the grievance process may be unavailable if prison staff fail to respond to properly filed grievances or fail to provide grievance forms.

In this instance, there is a lack of credible evidence to demonstrate that Cole exhausted administrative remedies prior to filing suit. While the November 10, 2014 emergency grievance does address the claim presented in this case, Cole's "Petition for Preliminary Injunction Relief and to Show Cause for a Temporary Restraining Order" is dated November 11, 2014 (and ultimately filed by the District Court on November 17, 2014). An IDOC warden must "expedite processing" of an emergency grievance but the regulations do not set forth any specific deadlines

for responding to such grievances. 20 Ill.Admin.Code § 504.840. With that said, Cole should have allowed a reasonable amount of time for Lawrence staff to respond her November 10, 2014 emergency grievance. One of the primary goals of the exhaustion requirement is that prison officials should be afforded an opportunity to prisoner disputes before heading to federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Drafting and mailing a federal lawsuit one day after submitting a prison grievance defeats this purpose.

Cole also asserts that she exhausted administrative remedies by filing an emergency grievance on August 23, 2014. However Cole did not make a copy of this grievance and the defendant asserts that there is no record of it ever being received. Cole merely asserts that she filed an emergency grievance on that date stating that Tredway was not providing her with proper mental health treatment. Despite the claimed non-response, Cole did receive a warden's response to a prior, unrelated emergency grievance. (Doc. 25, p. 23). Because there is no additional information supporting Cole's assertion that she filed an emergency grievance on that date, the Court finds that Cole's statement is not credible.

## RECOMMENDATIONS

Plaintiff Dameon Cole failed to exhaust administrative remedies prior to filing suit and defendant Beth Tredway's motion for summary judgment should be granted.

**SO RECOMMENDED.**

**DATED:**   December 15, 2015 .

                                          *s/Philip M. Frazier*
                                          **PHILIP M. FRAZIER**
                                          **UNITED STATES MAGISTRATE JUDGE**